UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DAVARIOL MARQUAVIS TAYLOR,

        Plaintiff,

v.

UNKNOWN JONES et al.,

        Defendants.
_____/

Case No. 2:24-cv-205

Honorable Maarten Vermaat

## **OPINION**

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983.[1] Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Plaintiff consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (ECF No. 1, PageID.5.)

Plaintiff filed an application to proceed *in forma pauperis* (ECF No. 2); however, Plaintiff is barred from proceeding *in forma pauperis* under 28 U.S.C. § 1915(g). Where a plaintiff is

---

[1] Plaintiff also purports to bring suit on behalf of deceased inmate Jirome Banard. (Compl., ECF No. 1, PageID.1.) Plaintiff, however, cannot do so. It is well established that *pro se* litigants lack standing to represent the interests of others. *See Newsom v. Norris*, 888 F.2d 371, 381 (6th Cir. 1989) (citing *McGowan v. State of Maryland*, 366 U.S. 420, 429 (1961)); *Raines v. Goedde*, No. 92-3120, 1992 WL 188120, at *2 (6th Cir. Aug. 6, 1992). Federal law specifies that cases in the courts of the United States may be conducted only by the parties personally or through counsel. *See* 28 U.S.C. § 1654. That statute provides that, "in all courts of the United States the parties may plead and conduct *their own cases* personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." *Id.* (emphasis added). The federal courts long have held that Section 1654 preserves a party's right to proceed *pro se*, but only with respect to their own claims. Only a licensed attorney may represent other persons. *See Rowland v. Cal. Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–03 (1993); *United States v. 9.19 Acres of Land*, 416 F.2d 1244, 1245 (6th Cir. 1969). Moreover, nowhere does Plaintiff allege that he is acting in the capacity of an executor or representative of inmate Banard's estate. *See* Fed. R. Civ. P. 17.

ineligible for *in forma pauperis* status under 28 U.S.C. § 1915, "he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). That means payment should precede preliminary review pursuant to 28 U.S.C. § 1915A(b) and 42 U.S.C. § 1997e(c), which the Court is required to conduct prior to the service of the complaint. *See In re Prison Litigation Reform Act*, 105 F.3d 1131, 1131, 1134 (6th Cir. 1997); *McGore v. Wrigglesworth*, 114 F.3d 601, 604–05 (6th Cir. 1997). Service of the complaint on the named defendants is of particular significance in defining a putative defendant's relationship to the proceedings.

"An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351. Therefore, the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), by requiring courts to review and even resolve a plaintiff's claims before service, creates a circumstance where there may only be one party to the proceeding—the plaintiff—at the district court level and on appeal. *See, e.g.*, *Conway v. Fayette Cnty. Gov't*, 212 F. App'x 418 (6th Cir. 2007) (stating that "[p]ursuant to 28 U.S.C. § 1915A, the district court screened the complaint

and dismissed it without prejudice before service was made upon any of the defendants . . . [such that] . . . only [the plaintiff] [wa]s a party to this appeal").

Here, Plaintiff has consented to a United States magistrate judge conducting all proceedings in this case under 28 U.S.C. § 636(c). That statute provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings . . . and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c). Because the named defendants have not yet been served, the undersigned concludes that they are not presently parties whose consent is required to permit the undersigned to enter an opinion, order, and judgment denying Plaintiff leave to proceed *in forma pauperis* and dismissing this action without prejudice. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties to th[e] action at the time the magistrate entered judgment.").[2]

Plaintiff has filed at least three lawsuits that were dismissed as frivolous, malicious, or for failure to state a claim, and Plaintiff has not demonstrated that he is in imminent danger of serious physical injury to allow him to proceed *in forma pauperis* in this action. Further, Plaintiff has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma*

---

[2] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis.*, 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

*pauperis*.[3] Accordingly, for the reasons set forth below, this action will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

## Discussion

The PLRA amended the procedural rules governing a prisoner's request for the privilege of proceeding *in forma pauperis*. As the United States Court of Appeals for the Sixth Circuit has stated, the PLRA was "aimed at the skyrocketing numbers of claims filed by prisoners—many of which are meritless—and the corresponding burden those filings have placed on the federal courts." *Hampton v. Hobbs*, 106 F.3d 1281, 1286 (6th Cir. 1997). For that reason, Congress created economic incentives to prompt a prisoner to "stop and think" before filing a complaint. *Id.* For example, a prisoner is liable for the civil action filing fee, and if the prisoner qualifies to proceed *in forma pauperis*, the prisoner may pay the fee through partial payments as outlined in 28 U.S.C. § 1915(b). The constitutionality of the fee requirements of the PLRA has been upheld by the Sixth Circuit. *Id.* at 1288.

In addition, another provision reinforces the "stop and think" aspect of the PLRA by preventing a prisoner from proceeding *in forma pauperis* when the prisoner repeatedly files meritless lawsuits. Known as the "three-strikes" rule, the provision states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings *in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon

---

[3] The filing fee for a civil action is $350.00. 28 U.S.C. § 1914(a). The Clerk is also directed to collect a miscellaneous administrative fee of $55.00. 28 U.S.C. § 1914(b); https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule. However, the miscellaneous administrative fee "does not apply to applications for a writ of habeas corpus or to persons granted *in forma pauperis* status under 28 U.S.C. § 1915." https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

> which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). The statutory restriction "[i]n no event," found in § 1915(g), is express and unequivocal. The statute does allow an exception for a prisoner who is "under imminent danger of serious physical injury." The Sixth Circuit has upheld the constitutionality of the three-strikes rule against arguments that it violates equal protection, the right of access to the courts, and due process, and that it constitutes a bill of attainder and is *ex post facto* legislation. *Wilson v. Yaklich*, 148 F.3d 596, 604–06 (6th Cir. 1998).

Plaintiff has been an active litigant in the federal courts in Michigan. In three of Plaintiff's lawsuits, the Court entered dismissals on the grounds that the cases, or some claims, were frivolous, malicious, and/or failed to state a claim, and that any remaining claims were unexhausted. *See* Op. & J., *Taylor v. Martin*, No. 1:22-cv-301 (W.D. Mich. July 1, 2022), (ECF Nos. 8, 9) (dismissing case for failure to state a claim)[4]; Op. & J., *Taylor v. Yuhas*, No. 1:21-cv-435 (W.D. Mich. Oct. 29, 2021), (ECF Nos. 4, 5) (dismissing case for failure to state a claim); Op.

---

[4] In *Taylor v. Martin*, No. 1:22-cv-301 (W.D. Mich.), Plaintiff sued Defendants in their official capacities only. In dismissing the action, the Court noted that Defendants in their official capacities were absolutely immune from monetary damages and noted that Plaintiff could not maintain his claims for injunctive relief against Defendants because he was no longer incarcerated at the correctional facility where the Defendants worked. *See* Op., *Taylor v. Martin*, No. 1:22-cv-301 (W.D. Mich. July 1, 2022), (ECF No. 8, PageID.30–32). However, in the opinion dismissing the case, the Court also held that "even setting aside the issues with Plaintiff's official capacity claims, he fails to state any claim upon which relief may be granted." *Id.*, (ECF No. 8, PageID.32.) Under these circumstances, the Court concludes that *Taylor v. Martin*, No. 1:22-cv-301 (W.D. Mich.), constitutes a "strike" within the meaning of 28 U.S.C. 1915(g) because although the Court noted that Plaintiff could not maintain his official capacity claims against Defendants, the Court also concluded that even setting this issue aside, Plaintiff failed to state any claim upon which relief may be granted against Defendants. *Cf. Crump v. Blue*, 121 F.4th 1108, 1112 (6th Cir. 2024) (concluding that "a decision not to exercise supplemental jurisdiction over state-law claims and one that include[s] a dismissal on Eleventh Amendment immunity grounds" do not constitute "strikes"); *Simons v. Washington*, 996 F.3d 350, 352–54 (6th Cir. 2021) (holding that a court that dismisses an action cannot "bind a later court with its strike determination").

& Order, Op. & Order, Op. & J., *Taylor v. Torok*, No. 1:21-cv-779 (W.D. Mich. Dec. 30, 2021; Mar. 7, 2023; Apr. 25, 2023), (ECF Nos. 7, 8, 45, 46, 52, 53) (dismissing some claims for failure to state a claim and dismissing remaining claims for failure to exhaust administrative remedies). All of Plaintiff's dismissals were entered after enactment of the PLRA on April 26, 1996, and all of the dismissals constitute "strikes" under the standard articulated by the Sixth Circuit in *Crump v. Blue*, 121 F.4th 1108 (6th Cir. 2024). *See also Pointer v. Wilkinson*, 502 F.3d 369 (6th Cir. 2007).

As explained below, Plaintiff's allegations in the present action do not fall within the "imminent danger" exception to the three-strikes rule. 28 U.S.C. § 1915(g). The Sixth Circuit set forth the following general requirements for a claim of imminent danger:

> In order to allege sufficiently imminent danger, we have held that "the threat or prison condition must be real and proximate and the danger of serious physical injury must exist at the time the complaint is filed." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008) (internal quotation marks omitted). "Thus a prisoner's assertion that he or she faced danger in the past is insufficient to invoke the exception." *Id*. at 797–98; *see also* [*Taylor v. First Med. Mgmt.*, 508 F. App'x 488, 492 (6th Cir. 2012)] ("Allegations of past dangers are insufficient to invoke the exception."); *Percival v. Gerth*, 443 F. App'x 944, 946 (6th Cir. 2011) ("Assertions of past danger will not satisfy the 'imminent danger' exception."); *cf*. [*Pointer v. Wilkinson*, 502 F.3d 369, 371 n.1 (6th Cir. 2007)] (implying that past danger is insufficient for the imminent-danger exception).
>
> In addition to a temporal requirement, we have explained that the allegations must be sufficient to allow a court to draw reasonable inferences that the danger exists. To that end, "district courts may deny a prisoner leave to proceed pursuant to § 1915(g) when the prisoner's claims of imminent danger are conclusory or ridiculous, or are clearly baseless (i.e. are fantastic or delusional and rise to the level of irrational or wholly incredible)." *Rittner*, 290 F. App'x at 798 (internal quotation marks and citations omitted); *see also Taylor*, 508 F. App'x at 492 ("Allegations that are conclusory, ridiculous, or clearly baseless are also insufficient for purposes of the imminent-danger exception.").

*Vandiver v. Prison Health Services, Inc.*, 727 F.3d 580, 585 (6th Cir. 2013). A prisoner's claim of imminent danger is subject to the same notice pleading requirement as that which applies to

6

prisoner complaints. *Id*. Consequently, a prisoner must allege facts in the complaint from which the Court could reasonably conclude that the prisoner was under an existing danger at the time he filed his complaint, but the prisoner need not affirmatively prove those allegations. *Id.*

Plaintiff is currently incarcerated at the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.[5] The events of which he complains occurred while Plaintiff was incarcerated at the Marquette Branch Prison (MBP) in Marquette, Marquette County, Michigan. Plaintiff sues the following MBP personnel: Correctional Officer Unknown Vicks, Nurse Supervisor Unknown Jones, Nurse Unknown Stevens, and Correctional Officer Unknown Zampeze. (Compl., ECF No. 1, PageID.1, 2.)

In Plaintiff's complaint, he alleges that on July 20, 2024, Defendant Stevens gave him and inmate Banard someone else's medication.[6] (*Id.*, PageID.3.) When Plaintiff and inmate Banard asked why they had received more medication than normal, Defendant Stevens responded, "I guess you got some more meds added." (*Id.*) Plaintiff claims that when he "spoke up," he was "force[d] to either take someone else's medication" or "to be injected and t[a]ken off the meds [he normally] take[s]." (*Id.*, PageID.4.) Plaintiff also claims that he and inmate Banard told Defendant Vicks "that Banard felt like it was something wrong and to get the nurse," and in response, Defendant Vicks stated: "I don't give a damn[;] f[***] you and Banard." (*Id.*, PageID.3.) According to Plaintiff, inmate Banard took the extra medication, overdosed, and died. (*Id.*)

---

[5] Michigan Department of Corrections Inmate Locator, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=940436 (last visited Jan. 8, 2024).

[6] The Court notes that many of the factual allegations in the present complaint are duplicative of factual allegations that Plaintiff presented in *Taylor v. Stevens*, No. 2:24-cv-178 (W.D. Mich), which the Court dismissed without prejudice pursuant to 28 U.S.C. § 1915(g).

7

Additionally, Plaintiff claims that on three unspecified occasions, he "was forced to" have sexual relations with Defendant Zampeze, and inmate Banard had been helping Plaintiff with his lawsuit about Zampeze's actions. (*Id.*)

Based upon the foregoing, Plaintiff seeks compensatory and punitive damages. (*Id.*, PageID.5.) Plaintiff contends that he is in "imminent danger of sexual abuse and overdosing off being force[d] to take another inmate['s] medication every[] day." (Letter, ECF No. 3, PageID.10; *see also* Compl., ECF No. 1, PageID.4 (stating that Plaintiff is "in imminent danger every[] day because [he is] being force[d] to have sex every[] day or force[d] to take another inmate['s] medication and overdose").) Plaintiff also states: "They just won't stop and I'm in fear for my life." (Letter, ECF No. 3, PageID.10.)

Based on the facts alleged in the complaint, Plaintiff fails to show that he was in imminent danger of serious physical injury at the time that he filed his complaint. The Court notes that Plaintiff signed his complaint on August 4, 2024, (Compl., ECF No. 1, PageID.5), and at that time, Plaintiff was still incarcerated at MBP. (*See id.*, PageID.2 (listing MBP as Plaintiff's current place of confinement).) Plaintiff, however, did not place his complaint in the prison mailing system for mailing to this Court until December of 2024, when, according to the envelope in which he mailed his complaint, Plaintiff was incarcerated at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. (*Id.*, PageID.6.) The envelope was postmarked on December 3, 2024, and there is also a stamp indicating that it was processed in Grand Rapids, Michigan, on December 4, 2024. (*Id.*) Plaintiff, therefore, waited four months after preparing his complaint to mail it to this Court. Given the postmarks on the envelope, as well as the fact that Plaintiff placed the complaint in the prison mailing system at AMF, the Court will not give Plaintiff the benefit of August 4, 2024, as the earliest possible filing date.

8

Although Plaintiff suggests in a conclusory manner that he is in imminent danger "every day" and that "[t]hey just won't stop and I'm in fear for my life" (*id.*, PageID.4; Letter, ECF No. 3, PageID.10),[7] Plaintiff is no longer confined at MBP, and his complaint solely concerns past incidents that occurred at MBP. (*See generally* Compl., ECF No. 1.) Therefore, Plaintiff fails to allege any facts to suggest that he is presently in imminent danger from the named Defendants, all of whom work at MBP. *Cf. Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) ("Summary reference to a single, five-headed 'Defendants' [or they] does not support a reasonable inference that each Defendant is liable . . . ." (citation omitted)). As discussed above, past harms or risks of harm do not demonstrate imminent danger. *Vandiver*, 727 F.3d at 585. Plaintiff's allegations, thus, are "insufficient to invoke the exception" set forth in § 1915(g). *See Taylor*, 508 F. App'x at 492; *see also Day v. Maynard*, 200 F.3d 665, 667 (10th Cir. 1999) (holding that a prisoner does not meet the imminent danger exception when he is no longer facing risk from the defendants he sues because he has since been transferred to a different prison).

Accordingly, Plaintiff is barred from proceeding *in forma pauperis* under § 1915(g). Plaintiff also has not paid the $405.00 civil action filing fees applicable to those not permitted to proceed *in forma pauperis*. The Court will therefore dismiss this action without prejudice. *See Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002) ("[T]he proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of § 1915(g)."). Plaintiff is free to refile his

---

[7] Based on the copy of the envelope that is docketed with Plaintiff's letter, it appears that Plaintiff sent his letter at the same time that he sent the complaint. (*See* ECF No. 3, PageID.11.) The envelope indicates that Plaintiff was incarcerated at AMF at the time and includes the same date stamps. (*See id.*)

complaint as a new action in this Court if he submits the filing fees at the time that he initiates the new action.

## **Conclusion**

For the foregoing reasons, the Court will deny Plaintiff leave to proceed *in forma pauperis*. The Court will dismiss this action without prejudice to Plaintiff's right to refile his complaint as a new action in this Court with the full civil action filing fees.[8]

For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. *See* 28 U.S.C. § 1915(a)(3); *McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Further, should Plaintiff appeal this decision, he must pay the $605.00 appellate filing fee in a lump sum, because he is prohibited from proceeding *in forma pauperis* on appeal by 28 U.S.C. § 1915(g).

An order and judgment consistent with this opinion will be entered.

Dated:  January 10, 2025              /s/ *Maarten Vermaat*
                                       Maarten Vermaat
                                       United States Magistrate Judge

---

[8] Because Plaintiff has the opportunity to refile his complaint as a new action in this Court by paying the full civil action filing fees at the time of filing the new action, the Court will not assess the district court filing fees in the present action.